UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

|  |  |  |
|---|---|---|
| PEDRO ANTONIO DIAZ HERRERA, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 2:26-cv-00487-JRS-MKK |
| | ) | |
| BRISON SWEARINGEN in his official capacity | ) | |
| as Sheriff of the Clay County Justice Center, | ) | |
| SAMUEL OLSON in his official capacity as Field | ) | |
| Office Director, Chicago Field Office, | ) | |
| Enforcement and Removal Operations, U.S. | ) | |
| Immigration and Customs Enforcement, | ) | |
| TODD M. LYONS in his official capacity as | ) | |
| Acting Director, U.S. Immigration and Customs | ) | |
| Enforcement, | ) | |
| MARKWAYNE MULLIN in his official capacity | ) | |
| as Secretary, U.S. Department of Homeland | ) | |
| Security, | ) | |
| TODD BLANCHE in his official capacity as | ) | |
| Acting Attorney General of the United States, | ) | |
| | ) | |
| Respondents. | ) | |

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner Pedro Antonio Diaz Herrera is a noncitizen who was arrested by U.S. Immigration and Customs Enforcement ("ICE") officials on June 18, 2026, and is detained at the Clay County Jail in Brazil, Indiana. Mr. Diaz Herrera now petitions the Court for a writ of habeas corpus under 28 U.S.C. § 2241, seeking release from custody. Dkt. 1 at 16. In his reply, he also requests, as an alternative to release, a bond hearing. Dkt. 9 at 1.

For the reasons explained below, the Court grants the petition to the extent that within ten days, Respondents must either: (1) afford Mr. Diaz Herrera an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) and its regulations; or (2) release Mr. Diaz Herrera from custody, under reasonable conditions of supervision.

1

## I.    Background

Mr. Diaz Herrera, a Venezuelan citizen, entered the United States without inspection around October 2022. Dkt. 1 ¶¶ 54–56. On June 18, 2026, he was arrested outside of a courthouse in Markham, Illinois, pursuant to an I-200 administrative warrant. Dkt. 6-1 at 6, 9. The Department of Homeland Security issued a Notice to Appear to Mr. Diaz Herrera on July 1, 2026. *Id.* at 1.

The Notice to Appear charges Mr. Diaz Herrera with inadmissibility under 8 U.S.C. § 1182(a)(6)(A)(i) as "an alien present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General" and under 8 U.S.C. § 1182(a)(7)(A)(i)(I) as an immigrant without necessary documentation. *Id.* at 4. The "arriving alien" checkbox is unmarked. *Id.* at 1.

## II.    Discussion

Mr. Diaz Herrera claims that his current detention violates the Immigration & Nationality Act ("INA"), relevant bond regulations, and the Due Process Clause of the Fifth Amendment. Dkt. 1. Respondents argue that Mr. Diaz Herrera is lawfully detained under the INA pursuant to 8 U.S.C. § 1225(b)(2)(A), that the bond regulations Mr. Diaz Herrera identifies do not apply, and that his detention is constitutional. Dkt. 6.

The Court finds that Mr. Diaz Herrera's detention is governed by § 1226(a) and that it is unlawful because he has not been afforded a bond hearing. Because Mr. Diaz Herrera is entitled to habeas corpus relief on these grounds, the Court does not address his other arguments.

### A.  8 U.S.C. §§ 1226 and 1225

At issue here are 8 U.S.C. §§ 1226 and 1225. While "§ 1226 applies to aliens already present in the United States," U.S. immigration law also "authorizes the Government to detain certain aliens seeking admission into the country under §§ 1225(b)(1) and (b)(2)." *Jennings v.*

*Rodriguez*, 583 U.S. 281, 303 (2018). Section 1226 governs the "usual" removal process, which involves an evidentiary hearing before an immigration judge. *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 108 (2020). Proceedings under 8 U.S.C. § 1229a, also known as "full removal," are initiated by filing a Notice to Appear with the Immigration Court. *Matter of E-R-M- & L-R-M-*, 25 I. & N. Dec. 520, 520 (BIA 2011).

Section 1226(a) provides:

On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States . . . . [T]he Attorney General—

(1) may continue to detain the arrested alien; and

(2) may release the alien on—

(A) bond . . . ; or

(B) conditional parole[.]

8 U.S.C. § 1226(a). An immigration officer makes the initial determination to either detain or release the noncitizen. After that initial decision has been made, "[f]ederal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention." *Jennings*, 583 U.S. at 306 (citing 8 C.F.R. § 236.1(d)(1)); *see also* 8 C.F.R. § 1236.1(c)(8). At that hearing, the noncitizen "may secure his release if he can convince the officer or immigration judge that he poses no flight risk and no danger to the community." *Nielsen v. Preap*, 586 U.S. 392, 397–98 (2019) (citing 8 C.F.R. §§ 1003.19(a), 1236.1(d)); *see also Hernandez v. Sessions*, 872 F.3d 976, 982 (9th Cir. 2017) ("[T]he burden is on the non-citizen to 'establish to the satisfaction of the Immigration Judge . . . that he or she does not present a danger to persons or property, is not a threat to the national security, and does not pose a risk of flight.'") (citing *In re Guerra*, 24 I. & N. Dec. 37, 38 (BIA 2006)).

Section 1225(b)(1) deals with "inspection of aliens arriving in the United States and certain other aliens who have not been admitted or paroled" and provides that immigration officers shall order certain noncitizens removed without further hearing or review unless the noncitizen indicates an intention to apply for asylum. 8 U.S.C. § 1225(b)(1)(A)(i). This applies to noncitizens who have engaged in misrepresentation or have failed to meet document requirements under §§ 1182(a)(6)(C) or 1182(a)(7). *Id.*

Section 1225(b)(2) pertains to "[i]nspection of other aliens." Section 1225(b)(2)(A) provides that "in the case of an alien who is an *applicant for admission*, if the examining immigration officer determines that *an alien seeking admission* is *not clearly and beyond a doubt entitled to be admitted*, the alien shall be detained for a proceeding under section 1229a of this title." 8 U.S.C. § 1225(b)(2)(A) (emphasis added). An "applicant for admission" is "[a]n alien present in the United States who has not been admitted or who arrives in the United States (whether or not at a designated port of arrival . . .)." 8 U.S.C. § 1225(a)(1). In other words, noncitizens subject to 1225(b)(2) are not eligible for expedited removal but are subject to mandatory detention while their removal proceedings are pending.

**B. Mr. Diaz Herrera Is Eligible for a Bond Hearing Pursuant to 8 U.S.C. § 1226(a)**

The record reflects that Mr. Diaz Herrera is eligible for a bond hearing under § 1226(a).

The Court has previously determined that considering § 1225 as a whole, the most natural meaning is that it applies to "arriving" noncitizens attempting to enter the United States rather than undocumented aliens like Mr. Diaz Herrera who have lived in the interior of the United States for years. *See Alejandro v. Olson*, No. 1:25-cv-02027-JPH-MKK, 2025 WL 2896348, at \*7 (S.D. Ind. Oct. 11, 2025); *Morales Sandoval v. Crowley*, No. 2:25-CV-00560-JRS-MKK, 2025 WL 3760760, at \*3–6 (S.D. Ind. Dec. 30, 2025). As the Court has previously explained, Respondents'

4

interpretation of the statute (1) disregards the plain meaning of § 1225(b)(2)(A); (2) disregards the relationship between §§ 1225 and 1226; (3) would render a recent amendment to § 1226(c) superfluous; and (4) is inconsistent with decades of prior statutory interpretation and practice. *See, e.g., Alejandro*, 2025 WL 2896348, at *14-19.

In *Castañon-Nava, v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048 (7th Cir. 2025) ("*Castañon-Nava I*"), a decision that carries persuasive authority due to its procedural posture,[1] the Seventh Circuit determined that "seeking admission" cannot be logically seen as synonymous with "applicant for admission" without violating several established canons of statutory interpretation. 161 F.4th at 1061. This Court has applied those established canons of statutory interpretation in its previous cases and has reached the same conclusion. The Seventh Circuit has since issued a splintered decision, *Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 175 F.4th 828 (7th Cir. 2026) (*Castañon-Nava II*), in which there is no majority opinion on the issue.

As respondents discuss, other circuits throughout the country have issued decisions on the matter. *See* dkt. 6 at 9–14. Two recent circuit court decisions upheld the Respondents' interpretation of § 1225(b)(2)(A). *See id.* at 10–12 (citing *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 503 (5th Cir. 2026); *Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026)). The *Buenrostro-Mendez* court found that "seeking admission" is a permissible redundancy for "applicant for admission." 116 F.4th at 503. The *Avila* court similarly held that the meanings of "applicant for admission" and "seeking

---

[1] *See Morales Perez v. Walsh*, 820 F. Supp. 732, 736 (N.D. Ill. 2026) ("[a]t a minimum, *Castañon-Nava* carries substantial persuasive weight. It is true that *Castañon-Nava* cautioned that its decision was limited to 'the current record.' [161 F.4th at 1061]. But the statutory-interpretation issue that the opinion resolved was one purely of *law*, and any adjustment to the *factual* record going forward would not likely alter the legal conclusion. In any event, as explained below, the Court agrees with *Castañon-Nava*'s holding on the legal question, so there is no need here to definitively decide whether it is binding precedent or something short of that.").

admission" and the grammatical structure of 8 U.S.C. § 1225(b)(2)(A) show that "in the context of the statute the two phrases are synonymous." 170 F.4th at 1135.

In contrast, four circuit courts have rejected the Respondents' expansive interpretation of § 1225 in recent weeks and embraced reasoning similar to the Seventh Circuit's in *Castañon-Nava I. See Lopez-Campos v. Raycraft*, 175 F.4th 713 (6th Cir. 2026); *Hernandez Alvarez v. Warden*, 175 F.4th 1258 (11th Cir. 2026); *Barbosa da Cunha v. Freden*, 175 F.4th 61 (2d Cir. 2026); *Santillan Quiroz v. Mullin*, 2026 WL 1876709, at *7 (10th Cir. June 30, 2026). The Court is not convinced that the Seventh Circuit, whenever it issues a precedential opinion on the issue, will depart from *Castañon-Nava I* (and disagree with *Lopez-Campos*, *Hernandez Alvarez*, *Barbosa da Cunha*, and *Santillan Quiroz*) to instead follow *Buenrostro-Mendez* or *Avila*. Therefore, the Court continues to rely on *Castañon-Nava I* as persuasive precedent.

Accordingly, the Court concludes that Mr. Diaz Herrera is entitled to a bond hearing under § 1226, and it declines to reach his other arguments.

## C. Scope of Relief

Mr. Diaz Herrera is eligible for release on bond under § 1226(a), and he has not received a bond hearing. His continued detention without a bond hearing therefore violates the "laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The remaining question is the remedy, which should be "appropriate to the violation." *Waller v. Georgia*, 467 U.S. 39, 50 (1984).

Mr. Diaz Herrera argues that he is entitled to immediate release from custody. Immediate release is the customary remedy in habeas proceedings. *See Thuraissigiam*, 591 U.S. at 107 ("Habeas has traditionally been a means to secure release from unlawful detention."); *Munaf v. Geren*, 553 U.S. 674, 698 (2008) (explaining that "the quintessential habeas remedy" is release from custody). However, Mr. Diaz Herrera maintains—and the Court agrees—that he is subject to

§ 1226(a), which allows the government to "continue to detain" him. 8 U.S.C. § 1226(a)(1). Mr. Diaz Herrera's custody is not unlawful because of the very fact that he is detained. Rather, his custody is unlawful because he has not received the bond hearing that the law requires. Therefore, the Court grants Mr. Diaz Herrera's petition and orders the Respondents to afford him a bond hearing or release him from custody.

### D. Remaining Claims

Because the Court has found that Mr. Diaz Herrera's detention violates the INA, it need not reach his claim regarding bond regulations or his claim that his detention violates the Fifth Amendment. *See Thomas v. Illinois*, 697 F.3d 612, 613 (7th Cir. 2012) ("[C]onsistent with the principle of avoiding unnecessary constitutional decisionmaking, judges are to address the statutory defense before the constitutional.").

### III.   Conclusion

The Court grants the petition to the extent that within ten days Respondents must either: (1) provide Mr. Diaz Herrera with an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) and its regulations; or (2) release Mr. Diaz Herrera from custody, under reasonable conditions of supervision.[2] No later than two business days after the bond hearing or release occurs, Respondents must file documentation certifying that they have provided Mr. Diaz Herrera with a bond hearing or released him from detention. The **clerk is directed** to enter final judgment.

**SO ORDERED.**

Date: 7/24/2026

_____
JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

---

[2] This deadline may be modified without Court involvement upon agreement of Federal Respondents and Mr. Diaz Herrera.

Distribution:

All electronically registered counsel